UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT FORT CAMPBELL
VIOLATION NO. KW11-E1262902

5:22-PO-42-LLK

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

STEPHANIE BUNGARD                                                                         DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Bungard's motion to suppress the results of a blood

alcohol test obtained after she was arrested for driving under the influence in violation of Kentucky

Revised Statutes (KRS) 189A.010, to which the United States responded in opposition. For the reasons

below and because the United States indicates (in its response) that it intends to pursue prosecution

under KRS 189A.010(1)(b) only, Defendant's motion to suppress will be DENIED.

**Discussion**

In this case, the violation notice charges Defendant with violating KRS 189A.010 based on the

following statement of probable cause:

> [On April 21, 2021 at about 1345 hours,] Bungard admitted to operating her RAM 1500 to the
> location she was observed at on Nightstalker Way. She was lying in the field next to her truck
> with her personal belongs in it. She had a small, empty alcohol bottle in her hand and was talking
> incoherently. She had the strong odor of alcohol permeating from her person. She said she drank
> 5 of the small vodka bottles before driving her vehicle to the field she was stopped at. She
> eventually began SFST [standard field sobriety testing] but then stopped as she began to break
> down and cry again. She denied consent on the KY implied consent.

According to the United States' response, Defendant was taken to Blanchfield Army Community Hospital,

where a blood sample was obtained at 1605 hours (more than 2 hours after cessation of operation or

physical control of a motor vehicle), resulting in a blood alcohol concentration over 0.08.

KRS 189A.010 provides, in pertinent part, that:

(1) A person shall not operate or be in physical control of a motor vehicle anywhere in this state:

1

(a) Having an alcohol concentration of 0.08 or more as measured by a scientifically reliable test or tests of a sample of the person's breath or blood taken within two (2) hours of cessation of operation or physical control of a motor vehicle;

(b) While under the influence of alcohol; ...

(2) With the exception of the results of the tests administered pursuant to KRS 189A.103(7):

(a) If the sample of the person's blood or breath that is used to determine the alcohol concentration thereof was obtained more than two (2) hours after cessation of operation or physical control of a motor vehicle, the results of the test or tests shall be inadmissible as evidence in a prosecution under subsection (1)(a) ... of this section. The results of the test or tests, however, may be admissible in a prosecution under subsection (1)(b) ... of this section; or ...

KRS 189A.010.

In her motion, Defendant argues that, because she "had her blood draw more than two hours after any last operation of her vehicle," the blood alcohol test results must be suppressed.

As noted at the outset, the United States indicates that it intends to pursue prosecution under KRS 189A.010(1)(b).  KRS 189A.010(2)(a) explicitly states that blood alcohol test results "shall be inadmissible as evidence in a prosecution under subsection (1)(a)" but "may be admissible in a prosecution under subsection (1)(b)."  Therefore, there is no statutory basis for the motion to suppress.

Defendant cites three cases in support of her motion to suppress:  *Wells v. Com.*, 709 S.W.2d 847 (Ky. Ct. App. 1986); *Com. v. Armstrong*, No. 2011-CA-000931-MR, 2013 WL 645979 (Ky. Ct. App. Feb. 22, 2013) (opinion not to be published); *Com. v. Crosby*, 518 S.W.3d 153 (Ky. Ct. App. 2017).

When police observe a suspected intoxicated person in or near her vehicle but not actually driving (and there is no admission to having just driven under the influence):

Pursuant to *Wells v. Commonwealth*, 709 S.W.2d 847, 849 (Ky. App. 1986), four factors should be considered in determining whether [there is probable cause to arrest the suspect because she] ... operated or physically controlled a motor vehicle while intoxicated as needed to violate KRS 189A.010:

(1) whether or not the person in the vehicle was asleep or awake; (2) whether or not the motor was running; (3) the location of the vehicle and all of the circumstances bearing on how the vehicle arrived at that location; and (4) the intent of the person behind the wheel.

2

*Com. v. Crosby*, 518 S.W.3d 153, 156 (Ky. Ct. App. 2017). *Crosby* held that, in light of the *Wells* factors, there was no probable cause to arrest Crosby; therefore, the trial court properly suppressed Crosby's post-arrest breathalyzer test results. *See also Com. v. Armstrong*, No. 2011-CA-000931-MR, 2013 WL 645979 (Ky. Ct. App. Feb. 22, 2013) (opinion not to be published) (affirming trial court's suppression of post-arrest breathalyzer test results).

The authorities relied on by Defendant are distinguishable because, as noted at the outset, according to the statement of probable cause in this case: "Bungard admitted to operating her RAM 1500 to the location she was observed at on Nightstalker Way. ... She said she drank 5 of the small vodka bottles before driving her vehicle to the field she was stopped at." These admissions (not present in the cited authorities) gave the military police officer probable cause to arrest Defendant to obtain a post-arrest blood sample.

### RULING

For the foregoing reasons and because the United States indicates in its response that it intends to pursue prosecution under KRS 189A.010(1)(b) only, Defendant's motion to suppress is hereby DENIED.

November 3, 2021

**ENTERED**

JAMES J. VILT JR., CLERK

11/3/2021

U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

**Lanny King, Magistrate Judge**
**United States District Court**